## Commonwealth *v.* Stankus, Appellant.

*Criminal law—Reasonable doubt—Charge.*

In a criminal case, instructions to the jury to the effect that "If you believe from the weight of the evidence that these men are guilty you should convict them" are erroneous and constitute an incorrect statement of the law, as to reasonable doubt.

The Commonwealth must produce stronger evidence to break down the presumption of innocence, which is the right of every citizen charged with the commission of a crime.

Argued Oct. 16, 1918. Appeal, No. 197, Oct. T., 1918, by defendant, from judgment of Q. S. Philadelphia Co., March Sess., 1918, No. 423, on verdict of guilty in case of Commonwealth v. Stanley Stankus. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Indictment for keeping a disorderly house. Before CARR, J.

The court charged as follows:

The indictment charges these defendants with unlawfully keeping and maintaining a common, ill governed, and disorderly house and place, to the encouragement of idleness, gaming and drinking, and other misbehavior, as the act says, to the disturbance of the neighborhood and orderly citizens.

[Of course, if you believe these men—having the testimony of from twelve to fourteen witnesses to the contrary—that the larger one of them, Stankus, was not there on these occasions, and that not only was he not a waiter, but that he had also no interest in this house, without question you can find him not guilty of maintenance, not only as a man who was there as a waiter, but there maintaining it.]   (1)

Did this man Stankus, by giving his services as a waiter, just as did the smaller man, Markowitz, if you believe the testimony of the prosecutors, take part in the operation and maintenance of this house?   That is the first question.   Were they there?

You have the testimony of the witnesses who say they have seen them there.

The Commonwealth called a large number of witnesses who testify to having seen these defendants at the place in question on a number of occasions.

You have the testimony of a number of witnesses as to what they were doing there.   Not only that, but you have the testimony of these defendants themselves that they were there.

[We, therefore, come to the next question : was it the maintenance of a disorderly and indecent house? If you believe that it was, you should, for the protection of the citizens of this county, find these men guilty.]   (2)

What is the evidence? You have the testimony of these witnesses who have gone there and seen drunken women at this place; who have testified to the indecent conduct of the men and women they saw there, to the lewdness of their behavior, and to the maintenance of that most vicious of all things, the sale of these drugs.

What have you against that testimony? You have the testimony of this man, the larger man, Stankus, who says that not only did he see nothing of these things, but that he did not even know what the drug was, what the character of the drug is; what cocaine is. Yet the testimony is before you that there have been hundreds of these packages found there, not only filled packages, if you believe the testimony, but also empty papers in which the article is bought and sold, and from which it is used.

[This is a serious case. Bearing in mind what I have said to you before as to reasonable doubt and the weight of the evidence, and how you should perform your duties as jurors, you will take all this evidence, and if you believe, from the weight of the evidence, that these men are guilty, you should convict them. On the other hand, if you believe they are innocent, you may acquit them.] (3)

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the charge of the court.

*William T. Connor,* and with him *John R. K. Scott,* for appellant.—The court erred in its instructions as to reasonable doubt: Commonwealth v. Andrews, 234 Pa. 608; Commonwealth v. Rider, 29 Pa. Superior Ct. 621; Commonwealth v. Duffy, 49 Pa. Superior Ct. 344; Com-

monwealth v. Hoskins, 60 Pa. Superior Ct. 230; Com. v. Holgate, 63 Pa. Superior Ct. 256.

*Charles E. Bartlett,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, cited: Com. v. Cathcart, 37 Pa. 108, at 113; Com. v. Brubaker, 13 Pa. Superior Ct. 14; Com. v. Keller, 191 Pa. 122-132; Com. v. Berney, 66 Pa. Superior Ct. 434.

OPINION BY HEAD, J., March 12, 1919:

There is but one assignment of error that requires any discussion. The defendant was convicted in the court below of a misdemeanor and judgment was entered on the verdict. Was that verdict against him the result of a trial according to law, which he was entitled to have; or did it spring from, or may it have been caused by, some incorrect statement of the law by the learned trial judge?

The obligation of the jury to accept the law as declared by the trial judge is well known; their willingness, in most cases, to be guided by such instruction is just as apparent.

The learned trial judge thus instructed the jury in the closing sentences of his charge: "Bearing in mind what I have said to you before as to a reasonable doubt and the weight of the evidence, and how you should perform your duties as jurors, you will take all of this evidence, and if you believe, from the weight of the evidence, that these men are guilty, you should convict them." Surely it requires no argument to support the conclusion that the statement we have quoted cannot be said to be in harmony with the accepted doctrine on the subject. Stronger than this must be the weapon of the State when it seeks to break down the presumption of innocence that is the heritage of every citizen of the Commonwealth charged with the commission of crime. Manifestly, in such a case, the court may not declare the erroneous statement was but an inadvertent slip that in no way

Opinion of the Court.    [71 Pa. Superior Ct.

could have harmed the defendant. We are required therefore to set aside the judgment and remit the record so that the defendant may be tried according to law.

The judgment is reversed and a venire facias de novo awarded.